|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VONDELL L. LEWIS,  )  No. C 07-05976 TEH (PR)
)
       Petitioner,  )  ORDER TO SHOW CAUSE
)
  vs.  )
)
BEN CURRY, Warden,  )
)
       Respondent.  )
_____  )

    On November 27, 2007, Petitioner, a state prisoner incarcerated at the California State Prison-Soledad, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") decision to deny him parole on May 5, 2006. Petitioner has paid the filing fee. (Docket No. 3.) This order directs Respondent to show cause why the petition should not be granted.

**BACKGROUND**

    According to the petition, Petitioner was convicted in the Superior Court of the State of California in and for the County of Los Angeles of second degree murder with a firearm enhancement and sentenced to a term of twenty years-to-life in state prison on May 6, 1991.

    Petitioner challenges the BPH's decision after a parole consideration hearing finding him not suitable for parole on May 5, 2006. Petitioner's claims have been exhausted before the California Supreme Court, which denied petitioner's state habeas

petition on October 24, 2007.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPH's decision finding him not suitable for parole on the grounds that the BPH based their decision on false information in violation of due process. Petitioner also challenges the state court's denial of his petition as based upon an unreasonable determination of the facts in light of the evidence presented. Liberally construed, Petitioner's claim appears colorable under § 2254 and merits an answer from respondent. <u>See</u> <u>Biggs v. Terhune</u>, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney

2

General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, **within sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

SO ORDERED.

DATED:  March 24, 2008

THELTON E. HENDERSON  
United States District Judge

3