EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5774
 Fax: (415) 703-5843
 Email: Stacey.Schesser@doj.ca.gov

Attorneys for Respondent Warden Ben Curry
SF2008401275

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VONDELL L. LEWIS,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, WARDEN,<br><br>　　　　　　　　Respondent. | C07-05976 TEH<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Hon. Thelton E. Henderson |

　　　As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Vondell Lewis, Respondent, admits, alleges, and denies that:

　　　1.　Respondent alleges that Lewis is in the lawful custody of the California Department of Corrections and Rehabilitation following his April 1, 1991 conviction of second-degree murder with a fire-arm use enhancement. (Pet. at 2.) Lewis is serving a sentence of twenty years to life in prison. (*Id.*)

　　　2.　In 2006, Lewis filed a petition for writ of habeas corpus in Los Angeles County Superior Court, alleging that the Board of Parole Hearings' (Board) 2006 decision denying him

parole violated his due process rights. (Ex.1, Super. Ct. Pet.; Ex. 2, Super. Ct. Order.) The superior court denied the petition, finding that "the record contains 'some evidence' to support the Board's finding that petitioner is unsuitable for parole. [Citations omitted]." (Ex. 2 at 1.)

3. Lewis then raised the same claims in petitions to the California Court of Appeal and the California Supreme Court. (Ex. 3, Ct. App. Pet.; Ex. 4, Ct. App. Order; Ex.5, Sup. Ct. Pet.; Ex. 6, Sup. Ct. Order.) Both petitions were summarily denied. (Ex. 4; Ex. 6.)

4. Respondent admits that Lewis exhausted his state court remedies regarding the claim that the Board's 2006 decision violated his due process rights. Specifically, Lewis raised in a petition for review to the California Supreme Court his claim that the Board violated his right to due process when it relied on false information contained in hearsay statements to deny parole. (Ex. 5.) Respondent denies that Lewis has exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond this claim.

5. Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar. Respondent alleges that Lewis fails to present a federal question when he contends that the state courts improperly applied or interpreted state law. Alleged errors in the application of state law are not cognizable in federal habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1984).

6. Respondent denies that Lewis is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

7. Respondent denies that Lewis has a federally protected liberty interest in parole and, therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction. The Supreme Court has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484

1  (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical
2  or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209,
3  229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest).
4  California's parole statute does not contain mandatory language giving rise to a protected liberty
5  interest in parole under the mandatory-language approach announced in *Greenholtz*. *In re*
6  *Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process
7  that does not impose a mandatory duty to grant life inmates parole before a suitability finding).
8  And continued confinement under an indeterminate life sentence does not impose an "atypical or
9  significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence,
10 impose a new condition of confinement, or otherwise restrict his liberty while he serves his
11 sentence. Thus, Respondent asserts that Lewis does not have a federal liberty interest in parole
12 under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of*
13 *Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole
14 statute creates a federal liberty interest in parole under the mandatory-language analysis of
15 *Greenholtz*, but preserves the argument.

16  8.  Even if Lewis has a federal liberty interest in parole, Respondent alleges that he
17 received all due process to which he is entitled under clearly established federal law because he
18 was provided with an opportunity to be heard and a statement of reasons for the Board's
19 decision. *Greenholtz*, 442 U.S. at 16.

20  9.  Respondent denies that the Board's 2006 decision violated Lewis's federal due process
21 rights. No clearly established federal law prohibits the use of hearsay in parole consideration
22 hearings. *See, e.g., Morrissey v. Brewer* (1973) 408 U.S. 471, 480 (stating that "the revocation of
23 parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in
24 such a proceeding does not apply to parole revocations."). Respondent also denies that Lewis
25 has shown or proven that any of the statements he alleges constitute hearsay are unreliable or
26 otherwise false. Lewis further fails to prove that the Board relied on any alleged hearsay
27 statements in rendering its parole denial.

28  11.  Respondent submits that an evidentiary hearing is not necessary because the claims

can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

12. Respondent alleges that the only remedy Petitioner is entitled to is the process that is due, which is a new review by the Board comporting with due process. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate to a favorable parole decision).

13. Lewis fails to state or establish any grounds for habeas corpus relief.

14. Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Lewis claims that the Board's 2006 decision finding him unsuitable for parole violated his due process rights. But Lewis merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims were contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief.

### ARGUMENT

### I.

**LEWIS HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Lewis is not entitled to relief under this standard.
Answer; Supporting Mem. of P & A

*Lewis v. Curry*
C07-05976 TEH

### A. Lewis Has Not Shown that the State Court Decisions Was Contrary to Clearly Established Federal Law.

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The Constitution does not require more." *Id.*[1] No other Supreme Court holdings require more at a parole hearing.

Lewis does not contest that he received the *Greenholtz* protections. (*See generally* Pet.) Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding an inmate's due process rights during parole proceedings, the state court decision upholding the Board's decision was not contrary to clearly established federal law. Thus, the Petition should be denied.

Lewis's main allegation is that the Board relied on hearsay evidence in denying parole. However, Lewis does not cite to any clearly established federal law that prohibits the Board from relying or considering hearsay evidence. Accordingly, federal habeas relief is not available. 28 U.S.C. § 2254(d).

In sum, the only clearly established federal law setting forth the process due in the parole context is *Greenholtz*. Lewis does not allege that he failed to receive these protections. Therefore Lewis has not shown that the state court decisions denying habeas relief were contrary

---

1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

to clearly established federal law and the Petition must be denied.

### B. Lewis Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.

Habeas relief may only be granted based on AEDPA's unreasonable-application clause where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer*, 538 U.S. at 75.

Here, Lewis alleges that the Board violated his right to due process by relying on hearsay in considering his suitability. The Supreme Court has never said that reliance on hearsay amounts to a due process violation in the context of parole consideration hearing. The only due process protections Lewis is afforded are derived from *Greenholtz*, and Lewis does not contend that the state courts unreasonably applied this standard. Accordingly, the Petition should be denied.

### C. Lewis Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Lewis alleges that the Board's decision relied on hearsay statements, he does not show that the state court made factual errors. In fact, Lewis does not prove that the state court unreasonably determined that the statements Lewis contends were hearsay were false or otherwise unreliable. Moreover, upon reviewing the state superior court's order, it appears that the court found that there was sufficient evidence to support the Board's denial of parole, even if the Board did not rely on any alleged hearsay. (Ex. 2.) The state court found that there was some evidence to support the Board's finding that Lewis is unsuitable for parole based on the facts of the commitment offense; the fact that Lewis shot an unarmed victim after arguing over drugs and

therefore, killing him with no motive; Lewis's previous criminal history, including his conviction for voluntary manslaughter; and Lewis's history of unstable relationship with others. (Ex. 2.) Lewis has not alleged by clear and convincing evidence that the factual determinations are incorrect, but rather disagrees with the whether the Board was permitted to hear and weigh this evidence. (See Cal. Code of Regs., tit. 15, § 2402(b).) Lewis also does not show that the superior court's findings were unreasonable. Thus, this disagreement does not entitle Lewis to federal habeas relief.

## CONCLUSION

Lewis has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: June 17, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

20115187.wpd
SF2008401275

Answer; Supporting Mem. of P & A

*Lewis v. Curry*
C07-05976 TEH

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Lewis v. Curry**

No.:   **C07-05976 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 24, 2008, I served the attached

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Vondell L. Lewis, E-95977**
**Correctional Training Facility**
**California State Prison**
**P.O. Box 689**
**Soledad, CA 93960-0689**
**In Pro Per**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 24, 2008, at San Francisco, California.

| L. Santos | _(signature)_ |
|---|---|
| Declarant | Signature |

20118583.wpd