# EXHIBIT 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| | | | | |
|---|---|---|---|---|
| Date: | JULY 20, 2007 | | | |
| Honorable: | PETER ESPINOZA | Judge | JOSEPH M. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

| | |
|---|---|
| BH004281 | *(Parties and Counsel checked if present)* |
| In re, | |
| VONDELL L. LEWIS, | Counsel for Petitioner: |
| Petitioner, | |
| On Habeas Corpus | Counsel for Respondent: |

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered the petition for writ of habeas corpus filed on September 11, 2006 by petitioner. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings (hereafter "Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole. (See Cal. Code Reg. tit., 15, § 2402; *In re Rosenkrantz* (2002) 29 Cal. 4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received in the Department of Corrections on May 14, 1991, after a conviction for second-degree murder. He was sentenced to 15 years to life. His minimum parole eligibility date was September 20, 2003. The record reflects that on August 30, 1990, petitioner and the victim got into an altercation over drugs. At some point, petitioner removed a small handgun from his pocket and fired one round at the victim, striking the victim in the head. The victim died as a result of the gunshot wound.

The Board found petitioner unsuitable for parole after a parole consideration hearing held on May 5, 2006. Petitioner was denied parole for 2 years. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including his commitment offense.

The Court finds that there is some evidence to support the Board's finding that "the offense was carried out in a dispassionate and calculated manner." (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(B).) Petitioner shot the unarmed victim during an altercation over drugs. Prior to the incident, petitioner told the victim ". . . get out of my house, and if you come back, I'll shoot in the neck . . . " (*Reporter's Transcript*, May 5, 2006, p. 64.) Petitioner then shot the victim in the head.

The Court finds that there is no evidence to support the Board's finding that "the offense was carried out in manner which demonstrates an exceptionally callous disregard for human suffering." (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(D).) An "exceptionally callous disregard for human suffering" means that "the offense in question must have been committed in a more aggravated or violent than that ordinarily shown in the commission of second degree murder." (*In re Scott* (2004) 119 Cal. App. 871, 891.) Petitioner did the minimum necessary to commit his crime, one shot to the victim's head. (See *In re Lee* (2006) 143 Cal. App. 4th 1400, 1412.) Petitioner fled the scene of the crime, after checking on the victim and summoning aid.

1

| |
|---|
| Minutes Entered |
| 07-20-07 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | JULY 20, 2007 | | | |
|---|---|---|---|---|
| Honorable: | PETER ESPINOZA | Judge | JOSEPH M. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004281
In re,
VONDELL L. LEWIS,
        Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

The Court finds that there is some evidence to support the Board's finding that the motive was inexplicable in relation to the offense. (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(E).) An inexplicable motive is "one that is unexplained or unintelligible, as where the commitment offense does not appear to be related to the conduct of the victim and has no other discernible purpose." (*In re Scott, supra,* 119 Cal. App. 4th 871, 893.) In this case, petitioner and the victim were arguing over drugs. The victim was unarmed. Petitioner fired one shot at the victim, killing him for no apparent reason.

An inmate may also be unsuitable for parole if the inmate has on "previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age." (Cal. Code Regs., tit. 15, § 2402, subd. (c)(2).) The record reflects that when petitioner was a juvenile, he was convicted of voluntary manslaughter. The petitioner shot the victim with a handgun. Petitioner was convicted of several other offenses that were related to drugs; however, the drug-related offenses did not involve crimes of violence.

An inmate may also be unsuitable for parole if the inmate has a "history of unstable or tumultuous relationships with others." (Cal. Code Regs., tit. 15, § 2402, subd. (c)(3).) The record reflects that petitioner started taking drugs at an early age. Prior to the commitment offense, petitioner was convicted of several crimes related to drugs. Petitioner had several failed opportunities of grants of parole and probation. Petition associated with members of a gang. Petitioner lost his basketball scholarship to Hawaii Pacific College due to his involvement with drugs. Petitioner's early drug use, involvement in criminal activity, lack of amenability to supervision, and gang associations is "some evidence" of an unstable social history.

Accordingly, the petition is denied.

The court order is signed and filed this date. The clerk is directed to give notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Vondell L. Lewis
E-95977
Correctional Training Facility
P.O. Box 689
Soledad, California 93960-0689

Department of Justice - State of California
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, California 92101
Attn: Cynthia Lumely

2

Minutes Entered
07-20-07
County Clerk



THE DOCUMENT TO WH⬚⬚⬚ ⬚⬚⬚⬚ ⬚⬚⬚⬚TIFICATE IS ATTACHED IS A FULL. TRUE
AND CORRECT C⬚⬚ ⬚⬚⬚ ⬚⬚⬚ ⬚⬚ ON FILE AND OF RECORD IN MY OFFICE.
JOHN A. CLARKE. EX⬚⬚ ⬚⬚ ⬚⬚⬚⬚/CLERK OF THE SUPERIOR COURT OF
THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES.

ATTEST: JUL 2 6 2007 ___ BY: Joseph M. Pulido DEPUTY

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA 90012 | **CONFORMED COPY**<br><br>JUL 2 6 2007<br><br>LOS ANGELES<br>SUPERIOR COURT<br><br>Joseph M. Pulido |
| PLAINTIFF/PETITIONER:<br><br>VONDELL L. LEWIS | |
| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br><br>BH004281 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

☐ Order Extending Time               ☑ Order re: Writ of Habeas Corpus
☐ Order to Show Cause              ☐ Order
☐ Order for Informal Response     ☐ Order re:
☐ Order for Supplemental Pleading   ☐ Copy of Petition for Writ of Habeas Corpus for the
                                     Attorney General

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to the cause. I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

**JUL 2 6 2007**

DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: *Joseph M. Pulido* , Clerk
       Joseph M. Pulido

Vondell L. Lewis
E-95977
Correctional Training Facility
P.O. Box 689
Soledad, California 93960-0689

Department of Justice - State of California
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, California 92101
Attn: Cynthia Lumely