# EXHIBIT 5

```
VONDELL L. LEWIS
#E-95977/GW-307
P.O. Box 689
Soledad, CA 93960-0689
```

S155792

SUPREME COURT
FILED
AUG 2 7 2007
_____ Clerk
_____ Deputy

IN THE CALIFORNIA SUPREME COURT

In re VONDELL L. LEWIS,

on HABEAS CORPUS.

Case No. B201155

(LA.S.C. No. BH004281)
NA004741

PETITION FOR REVIEW

On 8/16/07, the California Court of Appeal, Second Appellate District, Division One, denied petitioner's Petition for Writ of Habeas Corpus filed on 8/9/07.

QUESTIONS PRESENTED:

1. Did the Board of Parole Hearings (BPH) finding that Lewis acted in a "**dispassionate and calculated manner,**" based upon hearsay statements within the police report of witness who **did not testified violate** federal and state Due Process of Law?

2. Did the BPH finding that Lewis's motive was "**inexplicable in relation to the offense,**" violate federal and state Due Process of Law because the Superior Court's finding that Lewis committed the current offense in the minimum necessary to commit the crime?

/
/

(1)

3. Does the BPH finding of a prior "**record of violence,**" without a showing of the gravity of the prior convicted offense violate state and federal Due Process of Law?

4. Did the BPH finding of a "**history of unstable or tumultuous relationships with others,**" violate state and federal Due Process of Law, when the record is devoid of any person Lewis has had an unstable or tumultuous relationship with?

**NECESSARY FOR REVIEW:**

A grant of review and resolution of these issues by this Court are necessary to secure uniformity of decisions and to settle an important question of law and fact, pursuant to rule 28 (b)(1) of the California Rules of Court.

The importance of these issues is that Petitioner has been unlawfully deprived of his liberty without **due process of law** and **equal protection of the law,** pursuant to Article I, §§ 7, 15 of the California Constitution and the **Fourteenth Amendment** of the United States Constitution.

**STATEMENT OF THE FACTS:**

1. The BPH found petitioner unsuitable for parole after a parole consideration hearing held on May 5, 2006. Petitioner was denied parole for 2 years. The BPH concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including the commitment offense. (Hearing transcript, May 5, 2006, p. 73-81.)

2. The Factors considered were: (1) commitment offense; (2) prior criminal record; (3) unstable social history; (4) Macomber's

(2)

psychological report; and (5) district attorney's recounting of hearsay statements within the police report as evidence supporting his opposition. (H.T. 73-81.)

3. On July 20, 2007, Honorable Peter Espinoza, Superior Court Judge, found that on August 30, 1990, petitioner and the victim got into an altercation over drugs. At some point, petitioner removed a small handgun from his pocket and fired one round at the victim, striking the victim in the head. The victim died as a result of the gunshot wound. (Superior Court's ruling, July 20, 2007, p. 1.)

4. Judge Espinoza found that petitioner committed his second degree murder in the minimum necessary to commit his crime, one shot to the victim's head. After checking on the victim and summoning aid, petitioner fled the scene. (S.C. ruling, p. 1.)

5. District attorney Morrison recounted hearsay written out-of-court statements of **Esmeralda Mendez** and **Rudy Roldan** as factual evidence against petitioner, when neither Mendez nor Roldan gave testimony at petitioner's trial. (H.T. 62-64.)

6. Judge Espinoza relied on district attorney Morrison's statements recounting the hearsay statements of Mendez and Roldan to make his ruling denying relief. (S.C. ruling, pp. 1-2.)

7. The California Court of Appeals has relied on factual findings unsupported by the record, when the Court found that this petitioner **'pointed the gun at several others inside the house'** before going back outside and shooting the victim in their Court opinion on direct-appeal, which the BPH has been and is continuing to use against petitioner to deny relief. (Petition Appendix "2", p. 3, Court of Appeal Opinion.)

(3)

8. Witness Esmeralda Mendez statement to police was used by deputy district attorney Morrison and Superior Court Judge Peter Espinoza to establish that an argument over drugs had occurred between petitioner and the victim. (Petition Appendix "1"; H.T. 62-64; S.C. ruling pp. 1-2.)

9. Witness Rudy Roldan statement to police was used by deputy district attorney Morrison and Judge Espinoza to establish that petitioner's crime was "dispassionate and calculated manner." (Petition Appendix "1"; H.T. 64; S.C. ruling p. 1.)

10. Witness Mendez and Roldan both **did not testify** at this petitioner's trial at any time. (Petition Appendix "1".)

11. Superior Court Judge Peter Espinoza found petitioner's criminal act was the minimum necessary to commit a crime of second degree murder and found that petitioner checked on the victim and summoned aid. (S.C. ruling p. 1.)

I

WAS THE BOARD'S (BPH) FINDING THAT LEWIS ACTED IN A "DISPASSIONATE AND CALCULATED" MANNER SUPPORTED BY SOME EVIDENCE?

The California Supreme Court has formulated the standard of review in parole denial cases, a "some evidence" test, based on the due process requirements of the California Constitution. (See California Constitution Article I, §15.) In, **In re Dannenberg**(2005) 34 Cal.4th 1061, 1071, this Court held, "the Board may decline to [set fixed release dates] in an individual case if it concludes, on relevant grounds with support in the evidence, that the grant of parole date is premature for reasons of public

(4)

safety." (Id. 34 Cal.4th at 1071.) In **Dannenberg**, the majority took the position that the phrase 'particularly egregious,' conveyed only that the violence or viciousness of the inmate's crime must be more than minimally necessary to convict him of the offense for which he is confined. (Id. 34 Cal.4th at p.1095)

Putting the elements of the California "some evidence" due process test, to this case the BPH decision to denying parole is **not** supported by "some evidence" in the record. In light of the Superior Court judge's factual findings that the crime was the **minimum necessary** to commit the crime of second degree murder, (Stmt. Facts ¶ 4, 11.), Judge Espinoza's contrary finding that some evidence supported the BPH finding that Lewis acted in a "dispassionate and calculated manner" is inconsistent with due process. (Stmt. Facts ¶¶ 3, 5-10.)

The BPH's finding that Lewis acted in a dispassionate and calculated manner, is inconsistent with the jury's verdict and the Judge's own findings of the **minimum elements** of a second degree murder. (**In re Shaputis** (C.A. 4 Dist. 2005) 37 Cal.Rptr. 3d 324, 333; **In re Lawrence** (C.A. 2 Dist. 2007) 59 Cal. Rptr.3d 537, 562-567 fn. 66-101.)

Petitioner's crime has been found to be the **minimum necessary** to convict for second degree murder, but, petitioner has still been refused a parole date. The hearsay statements of Mendez and Roldan should not supply "some evidence" to justify denial of a parole date in this case. (Stmt. Facts ¶¶ 5-10.)

Petitioner request this Court grant review to resolve why on one hand petitioner's crime was Dispassionate and calculated, and on the other **minimum necessary** to convict. (Stmt. Facts ¶ 4)

(5)

## II

## WAS THE BPH'S FINDING THAT LEWIS' MOTIVE WAS "INEXPLICABLE IN RELATION TO THE OFFENSE" SUPPORT BY "SOME EVIDENCE"?

The BPH found that the motive was "inexplicable in relation to the offense." (California Code of Regulations (CCR) Title 15, §2402 (c)(1)(E).) In, **In re Smith** (2003) 109 Cal.App.4th 489,504-505, 134 C.R.2d 781, the Court of Appeal stressed the many **Factual errors** in the Governor's report, and affirmed the grant of the petition by the lower court. (Id. 109 Cal.App.4th at 504-505)

Here, the lower court found that "petitioner and the victim were arguing over drugs." (Superior Court ruling, p. 2.) Based on that explaination there is **no evidence** the shooting could not be explained. In **Smith**, the Court noted, "parole is the rule, rather than the exception, and a conviction for second degree murder **does not** automatically render one unsuitable." (**In re Smith** (2003) 114 Cal.App.4th 343, 366, 7 Cal.Rptr.3d 655.)

Petitioner denied committing the current convicted offense, so any motive offered by the state based upon hearsay statements within the police report must fall under the California due process clause, Art. I, §§ 7, 15 and the United States Constitution Fourteenth Amendment Due Process Clause. The fact there is "some evidence" the crime was committed and committed a certain way at a certain time **does not mean** that crime necessarily represents "some evidence" the prisoner's release on parole will pose an unreasonable risk of danger to the public safety at the present time. (**In re Lawrence**, supra, 59 Cal.Rptr.3d at 558.) Whether it possesses the necessary predictive value depends both on the

(6)

nature of the crime and how long ago it happened. (Id. 59 Cal. Rptr.3d at 558.)

Here, the Court of Appeals found that petitioner was inside of a house "**pointing a gun at several other people**" before going back outside and shooting the victim. (Stmt. Facts ¶ 7.) The BPH has used these findings to deny parole, the district attorney used the hearsay statements within the police report to find that petitioner was arguing over drugs. (Stmt. Facts ¶¶5-10.) The Superior Court Judge has relied on the statements made by the district attorney to find the crime was "dispassionate and calculated" and "inexplicable." (H. T. 62-64; S.C. ruling, p.1-2.) The above referenced factors are **not supported** by "some evidence" in the record that this petitioner poses an unreasonable risk to public safety. (**In re Rosenkrantz** (2002) 29 Cal.4th 616, 667, 128 C.R.2d 104)(Whether the factual basis is supported by some evidence in the record).)

### III

### WAS LEWIS' PRIOR RECORD OF VIOLENCE "SOME EVIDENCE" OF UNSUITABILITY?

Petitioner does not dispute that he has a prior "**Record of Violence**." (CCR Title 15, §2402 (c)(2).) But, petitioner does dispute the finding of unsuitability based solely on this prior conviction. The conviction of voluntary manslaughter alone does not satisfy due process requirements. The past convicted offense must also be particularly egregious to justify denial of parole. (In re Dannenberg, supra, 34 Cal.4th at p. 1094-1095; **In re Rosenkrantz**, supra, 29 Cal.4th at p. 683, 128 C.R.2d 104.)

## IV

## IS THERE "SOME EVIDENCE" LEWIS' PRIOR ANTISOCIAL BEHAVIOR STILL CONSTITUTE "SOME EVIDENCE" HE HAS A HISTORY OF "UNSTABLE OR TUMULTOUS RELATIONSHIPS WITH OTHERS?"

The BPH found that petitioner has a "history of unstable or tumultous relationships with others." (CCR Title 15, §2402 (c)(3).) Yes, the record shows petitioner had a drug problem in the past, and that petitioner lost his scholarship to Hawaii Pacific College, and petitioner has associated with gangs in the past. But, none of these factors are a concern at the present time, petitioner has shown throughout his entire incarceration to be just the opposite. There is no rationale given by the BPH or the Superior Court that petitioner has had "unstable relationships" with any particular person. (**In re Smith**, supra, 114 C.A.4th at 368, 372.)

In, **In re Shaputis**, supra, 37 Cal.Rptr.3d at 334, fn.13, the Court of Appeal, question whether the criterion can be satisfied by evidence of a single tumultous relationship, here none have been offered. (Id. 37 C.R.3d at 334, fn.13.)

The BPH's conclusion Lewis remained a danger to society, to the extent it was premised on a former lifestyle, is so lacking in evidentiary support, that it is arbitrary and capricious. (See **Rosenkrantz**, supra, 29 Cal.4th 616, 677.) Petitioner has shown he is capable of maintaining stable relationships within the prison setting and with family members. No evidence supports a contrary finding.

"The test is not whether some evidence supports the reasons . . . for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety." (**In re Lee** (2006) 143 Cal.App.4th 1400, 1408.) Here, the BPH's and the Superior Court's findings are based upon unreliable evidence. The Superior Court found petitioner's crime was the minimum to convict for second degree murder. (Stmt. Facts ¶¶ 4, 11) The Superior Court also found petitioner's crime to be "dispassionate and calculated. (Stmt. Fact ¶9) Which one is it? The **minimum or execution style**. (CCR Title 15, §2402, subd. (c)(1)(B).)

In **In re Rosenkrantz** (2002) 29 Cal.4th 616, 658, this Court held: "that the judicial branch is authorized to review the 'factual basis' of a decision of the Board denying parole in order to ensure that the decision comports with the requirements of due process of law, but that in conducting such a review, the court may inquire only whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by the statute and regulation. If the decision's consideration of the specified factors is not supported by some evidence in the record and thus devoid of a factula basis, the court should grant the prisoner's petition for writ of habes corpus and should order the Board to vacate its decision denying parole and thereafter to proceed in accordance with due process of law." (**Rosenkrantz**, supra, 29 Cal.4th at p. 658; **In re Scott** (2005) 133 Cal.App.4th 573.)

The gravity of petitioner's commitment offense and other immutable factors 'without regard to or consideration of subsequent circumstances' is unfair and runs contrary to the goals of

(9)

1  imprisonment and have resulted in a due process violation.
2  (See **In re Scott**, supra, 133 Cal.App.4th at 594-595.) In this
3  case the predictive value of the commitment offense and other
4  immutable factors are very questionable.
5  Petitioner denied committing the current convicted offense,
6  but, presuming as true the Superior Court's factual findings,
7  petitioner checked on the victim after shooting him, then went
8  and summoned aid. (Stmt. Fact ¶ 4.) These action cannot place
9  petitioner as a current danger to the public.

### CONCLUSION:

Petitioner respectfully request that this Court GRANT this petition for all of the foregoing reasons.

Dated: 8/22/2007.

Respectfully Submitted,

Vondell L. Lewis

//
//

(10)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re<br><br>VONDELL LEWIS,<br><br>on<br><br>Habeas Corpus. | B201155<br><br>(L.A.S.C. No. NA004741)<br><br>ORDER |

COURT OF APPEAL - SECOND DIST.

F I L E D

AUG 1 6 2007

JOSEPH A. LANE          Clerk
P. GONZALEZ        Deputy Clerk

THE COURT*:

The petition for writ of habeas corpus, filed August 9, 2007, has been read and considered.

The petition is denied.

_____   _____   _____
*SPENCER, P. J.        VOGEL, J.            ROTHSCHILD, J.

```
 1  VONDELL L. LEWIS
    #E-95977/GW-307
 2  P.O. Box 689
    Soledad, CA  93960-0689
 3
 4
 5              IN THE COURT OF APPEAL SECOND DISTRICT
 6                   OF CALIFORNIS; DIVISION ONE
 7
 8  IN re VONDELL L. LEWIS,              Case No. BH004281
                                         Sup. Ct.
 9      on Habeas Corpus.
                                         LODGMENT OF PAROLE
10
                                         HEARING TRANSCRIPT
11                                       ("H.T."). Pages 1-82:
12
13  TO THE HONORABLE JUDGES:
14      Petitioner respectfully Lodges the Parole Hearing Transcript
15  (H.T.) in the above-entitled case for an entire and complete
16  review of the case.
17      Petitioner respectfully request this copy be returned upon
18  the completion of review in this case. All references to (H.T.)
19  pertain to this hearing transcript.
20
21  Dated: August 5, 2007               Respectfully submitted,
22                                      /s/ Vondell L. Lewis
23                                      VONDELL L. LEWIS-PETITIONER
24
25
26
27
28
```